UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TINA CONCETTA CINALLI, and
NICHOLAS CINALLI,,

MEMORANDUM AND ORDER

Plaintiff,

--against--    CV-08-114
               (Wexler, J.)

COSTCO WHOLESALE CORP.,

Defendant.
-----------------------------------------------------------X

LAW OFFICES OF BRAD A. KAUFMAN, PLLC
BY: BRAD A. KAUFMAN, ESQ
Attorneys for Plaintiffs
40 Exchange Place
New York, New York 10005

GALLAGHER, WALKER, BIANCO & PLASTARAS, ESQS.
BY: ROBERT J. WALKER, ESQ
Attorneys for Defendant
98 Willis Avenue
Mineola, New York 11501

WEXLER, District Judge:

This is an action alleging damages from a slip and fall accident. Plaintiff Tina Concetta Cinalli ("Mrs. Cinalli") alleges that she suffered injury after falling while shopping at the facility of Defendant Costco Wholesale Corp. ("Costco"). Plaintiff Nicholas Cinalli ("Mr. Cinalli") seeks damages for the loss of his wife's services following the incident. Presently before the court is Costco's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1

## BACKGROUND

I. <u>Factual Background</u>

The following facts are gathered from Plaintiffs' complaint, the parties' submissions, and the deposition testimony that is properly before the court.

On October 4, 2007, Plaintiffs visited Costco for the purpose of shopping. Mrs. Cinalli testified at deposition that this was Plaintiffs' second time visiting this Costco location. Once inside the store, Mrs. Cinalli walked to the vegetable room, a separate room inside of the store similar to a "cooler room." After entering the vegetable room, Mrs. Cinalli states that she walked five or six steps, and observed a man carrying string beans. She asked the gentleman where he found the string beans, and he directed her to a display just to the right of where Mrs. Cinalli was standing. Mrs. Cinalli states that she then walked approximately two steps to her right, and reached towards the display. According to Mrs. Cinalli, she fell to the ground while reaching toward the string beans. She states that fell, landing on her right shoulder. Plaintiff explains that the fall occurred because the floor of the vegetable room was wet and/or damp, a condition that Mrs. Cinalli states she observed. She also states that she was unsuccessful in an attempt to hold onto something so that she wouldn't fall to the ground.

A few minutes after Mrs. Cinalli's fall, the manager of the store along with the Mr. Cinalli, entered the vegetable room. A Costco employee thereafter sent for an ambulance, and the police department. That same day, Mr. Cinalli filed an accident report with Costco. The plaintiff alleges that her right shoulder was injured due to the fall.

In addition to these facts, Plaintiffs point to evidence that the floor of the produce room had a tendency to be become sticky with moisture and humidity, yet Costco failed to place any safety equipment or warning signs on the floor. Additionally, Plaintiffs rely on evidence that the produce room was kept at a temperature that would allow for the formation of ice. For its part, Costco states that there is no evidence that it created any dangerous condition on the produce room floor. Further, it

2

points out that neither Plaintiffs nor anyone else at the store complained to any Costco employee regarding an unsafe condition on that floor.

II.     The Motion for Summary Judgment

Costco seeks summary judgment dismissing the complaint based on the argument that Plaintiffs have failed to come forward with evidence establishing negligence. Specifically, Defendant argues that, upon completion of discovery, there is insufficient evidence provided to prove that Costco created any dangerous condition or that the company had actual or constructive notice of a dangerous condition. Opposing the motion, Plaintiffs contend that the evidence offered suggests that there is at least a genuine issue of material fact as to negligence, sufficient for the matter to be presented to a jury.

## DISCUSSION

I.      Standard for Summary Judgment

Summary judgment is warranted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party, and the facts are viewed in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The responsibility of this Court is not, "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

II.     Negligence Standard

To establish negligence for a slip and fall, the plaintiff must prove that the defendant created the dangerous condition, or had either actual or constructive notice of the dangerous condition. Wang v. Yum! Brands, Inc., 2007 WL 1521496 *3 (E.D.N.Y. 2007); Tuthill v. United States, 270 F. Supp.2d 395, 400 (S.D.N.Y. 2003). Actual notice is established by showing that the defendant created the condition or gained actual knowledge as to its existence. Quarles v. Columbia Sussex Corporation,

3

997 F. Supp. 327 (E.D.N.Y. 1998). As to constructive notice, the condition complained of "must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it." Gordon v. American Museum of Natural History, 501 N.Y.S.2d 646, 647 (1986); see Taylor v. United States, 121 F.3d 86, 90 (2d Cir. 1997).

Constructive notice is not satisfied by merely showing that the defendant had a general awareness of a dangerous condition, but requires plaintiff to show notice of the particular unsafe condition alleged. Taylor, 121 F.3d at 90. Where a defendant has notice of a recurring dangerous condition, it "can be charged with constructive notice of each specific reoccurrence of the condition." Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp.2d 188, 193 (S.D.N.Y. 2004), quoting, Garcia v. U-Haul Co., Inc., 755 N.Y.S.2d 900, 900 (2d Dep't 2003); see also Batista v. KFC Nat. Management Co. 801 N.Y.S.2d 336, 337 (2d Dep't 2005). The particular facts of each case will determine whether plaintiff shows defendant's awareness with a sufficient level of specificity to support liability. Taylor, 121 F.3d at 90.

III. Disposition of the Motion

Upon review of the evidence before the court, and in light of the legal principles referred to above, the court concludes that thee are triable questions of material fact that bear upon the issue of Defendant's alleged negligence. In particular, issues exists as to the particular condition of the floor, and whether that condition was sufficiently recurring so as to charge Costco with constructive notice. Competing testimony exists regarding the condition of the floor on humid days, whether the temperature of the room led to the formation and melting of ice, and the routing cleaning and inspection of the room. In light of the presence of these important questions of fact, the motion for summary judgment must be denied.

## CONCLUSION

Defendant's motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      September 9, 2009